STATE OF NORTH CAROLINA v. DEANITH NEWTON WATKINS

No. 43A86

(Filed 4 November 1986)

**Rape § 11— first degree sexual offense—testimony by seven-year-old victim—sufficiency of evidence of penetration**

A seven-year-old child's testimony that defendant stuck his finger in her "coodie cat," took his hand out of her "coodie cat," when defendant's finger was in her "coodie cat" it hurt, after defendant took his finger out her "coodie cat" stung a little bit, she peed with her "coodie cat," and she indicated her vaginal area as the place of touching through the use of anatomically correct dolls to the jury constituted sufficient evidence of penetration to support a conviction for first degree sexual offense.

BEFORE *Long, J.*, at the 16 September 1985 Criminal Session of GUILFORD County Superior Court, defendant was convicted of first degree sexual offense and taking indecent liberties with a minor. Defendant was sentenced to life imprisonment with respect to the first degree sexual offense, and judgment was arrested with respect to the charge of taking indecent liberties with a minor. Defendant appeals the life sentence as of right to this

Court. N.C.G.S. § 7A-27(a). Heard in the Supreme Court 16 October 1986.

*Lacy H. Thornburg, Attorney General, by Daniel C. Oakley, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for defendant appellant.*

PARKER, Justice.

The State's evidence tended to show that on or between 14 February and 4 March 1985, the victim,[1] a six-year-old girl, went to a nearby convenience store on an errand for her mother. While at the store, defendant, the store clerk, jerked the victim into a storage room, put his hand in her pants, and placed his finger in her "coodie cat," a term the victim uses to describe her private parts. The victim did not tell her mother about the incident, but she did complain of irritation of her "coodie cat," which her mother attributed to the victim's failure to wipe properly and treated with vaseline.

On or about 4 March 1985, the victim's mother, alerted by a neighbor's phone call, questioned the victim as to whether anything had ever occurred at the convenience store. The victim then told her mother of defendant's actions. The victim's mother took the victim to the police, where the child demonstrated with anatomically correct dolls what had occurred. Then the victim's mother and the investigating detective took the victim into the bathroom where the child physically demonstrated what defendant had done. Defendant offered no evidence.

At trial, on direct examination, the victim gave the following testimony describing the incident:

Q. Would you please tell us what it was that happened when you went to the store?

A. Yes.

---

1. Use of the victim's name in this opinion is not necessary to distinguish her from other individuals involved in the case and would add nothing of value. Therefore, in keeping with the practice established by this Court in numerous recent cases, her name has been deleted throughout this opinion to avoid further embarrassment. *See State v. Hosey,* Case No. 154PA86 (filed 7 October 1986).

State v. Watkins

Q. What was it?

A. He stuck his finger in my "coodie cat."

\*     \*     \*

Q. Would you tell the jury what you do with your "coodie cat"?

A. Yes.

Q. What do you do with it?

A. I pee with it.

The victim testified that during the incident a customer entered the store.

Q. What did Deano do when that person came into the store?

A. He took his hand out and ran up there, and I snuck out the door.

Q. He took his hand out of where?

A. Out of my "coodie cat."

Q. What did it feel like when he had his finger in your "coodie cat"?

A. It hurt.

Q. Did your "coodie cat" ever hurt when Deano didn't have his finger in it?

\*     \*     \*

A. It stung a little bit.

\*     \*     \*

Q. It hurt a little bit? When it stung a little bit, did you tell your mother about that?

A. Yes.

Q. And what did she do about it?

A. She put some vaseline on it.

Q. Did it feel better?

A. Yes.

Also at trial, the victim demonstrated with anatomically correct dolls that defendant had put his finger in the vaginal area.

The only question presented by this appeal is whether a seven-year-old child's testimony that defendant stuck his finger in her "coodie cat," took his hand out of her "coodie cat," when defendant's finger was in her "coodie cat" it hurt, after defendant took his finger out her "coodie cat" stung a little bit, she pees with her "coodie cat," and she indicated her vaginal area as the place of touching through the use of anatomically correct dolls to the jury, constitutes sufficient evidence of penetration to support a conviction for first degree sexual offense. We hold that it does.

To convict defendant of a first degree sexual offense with a child of twelve years or less, the State need only prove: (1) the defendant engaged in a sexual act, (2) the victim was at the time of the act twelve years old or less, and (3) the defendant was at that time four or more years older than the victim. N.C.G.S. § 14-27.4 (1981). A sexual act is defined as "cunnilingus, fellatio, analingus, or anal intercourse . . . [or] the penetration, however slight, by an object into the genital or anal opening of another body . . . [except for] accepted medical purposes." N.C.G.S. § 14-27.1(4) (1979); *State v. Ludlum,* 303 N.C. 666, 281 S.E. 2d 159 (1981). The sexual act relied on in this case is penetration of the genital opening.

Defendant's sole contention is that the evidence fails to prove any penetration of the victim's genital organs as required to establish a sexual act under N.C.G.S. § 14-27.1(4) and, therefore, defendant was entitled to a dismissal of the charge at the close of the evidence.

We find the evidence sufficient to prove the requisite penetration. On a motion to dismiss, the trial court must determine from all the evidence, taken in the light most favorable to the State, whether there is substantial evidence that the crime charged has been committed and that the accused is the one who did it. *State v. Brown,* 308 N.C. 181, 301 S.E. 2d 89 (1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980). In judging the sufficiency of the State's evidence, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most fa-

vorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown,* 310 N.C. 563, 313 S.E. 2d 585 (1984).

N.C.G.S. § 14-27.1(4) requires only slight penetration of the genital opening. The victim stated clearly that defendant put his finger *in* her "coodie cat" and took it *out* of her "coodie cat," and that her "coodie cat" was used "to pee."

The victim's testimony, when all reasonable inferences favorable to the State are drawn therefrom, is sufficient to permit a jury to find beyond a reasonable doubt that the defendant penetrated the genital opening with his finger. Therefore, the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence.

In defendant's trial, we find

No error.