STATE OF NORTH CAROLINA v. TRAVIS ROGERS

No. 316A87

(Filed 6 April 1988)

**Rape and Allied Offenses § 5— sexual offense—penetration of genital opening— sufficient testimony by child victim**

Testimony by the six-year-old victim that defendant placed his hand between her legs and put his finger in her "private spot," "cootie" and "pee-pee" constituted sufficient evidence of penetration of the victim's genital opening to support defendant's conviction of a first degree sexual offense.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a life sentence entered by *Helms, J.*, at the 9 February 1987 Criminal Session of Superior Court, CABARRUS

County, where defendant was convicted by a jury of first degree sexual offense. Heard in the Supreme Court 9 February 1988.

*Lacy H. Thornburg, Attorney General, by Francis W. Crawley, Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, for defendant appellant.*

EXUM, Chief Justice.

In this appeal defendant's one assignment of error challenges the sufficiency of the evidence to support the verdict of guilty of first degree sexual offense. We conclude the evidence was sufficient to support the verdict and that defendant had a fair trial free from reversible error.

At trial the state's evidence tended to show that on 7 September 1986 defendant, age thirty-eight, was babysitting the six-year-old victim. The victim testified that on that day she went into defendant's bedroom and lay down beside him on the bed. Shortly after the victim had fallen asleep, defendant woke her and, using his hand to open her legs, "went inside" her "pee-pee" with his finger. She testified that defendant said "it felt good" and continued to penetrate her with his finger for approximately one minute. Later that afternoon defendant took the victim back to her home.

The victim's mother testified that when she got home the victim told her that defendant had put his finger inside her "cootie."

On 9 September Dr. Douglas Clark, a pediatrician, performed a pelvic exam on the victim. He testified the exam was normal, but that he did not expect to find any physical injury or tear in the victim's genital area because it was doubtful the insertion of a finger would cause much damage or injury.

The state also offered as corroborative evidence the testimony of Detective W. L. Arthur of the Concord Police Department, and Mrs. Kathy Shackleford, a worker at the Piedmont Area Mental Health Center. Detective Arthur testified that he interviewed the victim on 9 September 1986, and she told him defendant had "put his finger inside her cootie." Mrs. Shackleford testified that the victim told her defendant had put his hand in

her "cootie." Mrs. Shackleford also testified that the victim demonstrated what had occurred using anatomically correct dolls.

Defendant offered evidence and testified in his own behalf. Essentially defendant denied committing the offense charged against him.

Defendant contends the trial court erred by denying his motion to dismiss for insufficient evidence at the close of all the evidence. We disagree.

In ruling on a motion to dismiss for insufficient evidence the trial court must consider the evidence in the light most favorable to the state, which is entitled to every reasonable inference which can be drawn from that evidence. *State v. Bell,* 311 N.C. 131, 138, 316 S.E. 2d 611, 615 (1984). There must, however, be substantial evidence of each essential element of the offense charged together with evidence that defendant was the perpetrator of the offense. *State v. Gardner,* 311 N.C. 489, 510-11, 319 S.E. 2d 591, 605 (1984).

N.C.G.S. § 14-27.4 defines first degree sexual offense in pertinent part as follows:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . .

For a charge of first degree sexual offense to withstand a motion to dismiss for insufficient evidence, there must be evidence, among other things, that defendant committed a "sexual act" upon the victim. *State v. Gardner,* 311 N.C. 489, 319 S.E. 2d 591. N.C.G.S. § 14-27.1(4) defines a "sexual act" as the "penetration, however slight, by any object into the genital or anal opening of another person's body." Defendant argues that the victim's testimony was ambiguous on the issue of penetration of the genital or anal opening of the victim's body and thus insufficient to show that penetration of one of these areas occurred. We disagree.

The evidence introduced by the state tending to establish penetration was the victim's testimony. She testified that defend-

ant placed his hand between her legs and put his finger in her "private spot," "cootie" and "pee-pee." On cross-examination she testified as follows:

Q. Now . . . you said something about some circles. Where were these circles?

A. Inside me.

Q. All right. Inside you? Now, is it right—exactly was it right exactly where you pee-pee?

A. Yes.

Q. Was it on the outside of that hole or was it in the hole?

A. In the hole. . . .

Q. In fact, he really didn't put his finger in any private part inside of you did he?

A. Only where I pee-pee at.

Although the victim did not use the word "vagina," or "genital area," when describing the sexual assault perpetrated upon her, she did employ words commonly used by females of tender years to describe these areas of their bodies, of which they are just becoming aware. Other cases have come before this Court in which young children have used words similar or identical to those used by the victim to describe the male and female sex organs, and the children's testimony was found to be sufficient to prove the essential elements of a sexual offense. *See, e.g.,* *State v. Griffin,* 319 N.C. 429, 355 S.E. 2d 474 (1987) (nine-year-old victim testified defendant touched her on her "private parts"); *State v. Watkins,* 318 N.C. 498, 349 S.E. 2d 564 (1986) (seven-year-old victim testified defendant placed his finger in her "coodie cat" and used dolls to indicate the vaginal area); *State v. Smith,* 315 N.C. 76, 337 S.E. 2d 833 (1985) (four-year-old victim testified defendant touched her "project" with his "worm" and pointed to her vaginal area).

We conclude the evidence is ample to support the verdict of guilty of first degree sexual offense. Accordingly, in defendant's trial we find

No error.