STATE OF NORTH CAROLINA v. JOE HAYWOOD DILLARD

No. 8729SC1241

(Filed 31 May 1988)

1. **Rape and Allied Offenses § 3— second degree sexual offense—indictment proper**

An indictment which was captioned "SECOND DEGREE SEXUAL OFFENSE" and which charged that "defendant . . . unlawfully, willfully and feloniously did engage in a sex offense with [victim's name] age 8, by force and against that victim's will. At the time of this offense the defendant was at least 12 years old and at least 4 years older than the victim" contained all the information necessary to charge defendant with either first or second degree sexual offense, and the statements regarding the victim's and defendant's ages did not render the indictment insufficient to charge a violation of N.C.G.S. § 14-27.5.

2. **Rape and Allied Offenses § 4— second degree sexual offense—8-year-old victim —leading questions proper**

In a prosecution of defendant for second degree sexual offense, the trial judge did not abuse his discretion by allowing the district attorney to ask leading questions of the victim since the subject matter of the 8-year-old victim's testimony, whether and how the sexual act was committed, was a delicate matter.

3. **Rape and Allied Offenses § 5— second degree sexual offense—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for second degree sexual offense where it tended to show that the victim was asleep in the bed with her stepfather; she awoke when defendant put his hand in her underwear and "went around and around in [her] bing bing"; she testified that her "bing bing" meant her "private place"; the victim stated that

State v. Dillard

the offense occurred while her sister was away at their grandmother's house to help hang curtains; and the grandmother testified that the victim's sister visited to help hang curtains the third week of October 1985 and the victim had complained of vaginal discomfort two to three weeks before 15 November 1985 when the victim told her what had happened.

**4. Rape and Allied Offenses § 6— time of offense—jury instructions not improper**

In a prosecution of defendant for second degree sexual offense, the trial court did not err in instructing the jury that the offense could have occurred any time during the month of November 1985, since defendant did not object to the instruction; the instruction did not have a probable impact on the jury's finding of guilt; time was not of the essence of the offense; and defendant did not rely on alibi evidence for the date alleged in the indictment or the dates shown by the State's evidence.

**5. Rape and Allied Offenses § 6— defendant's intention to place finger in vagina or in vaginal area—instructions proper**

Defendant was not prejudiced by the court's instruction that an element of attempted second degree sexual offense was that defendant intended to insert his finger in the vagina or "vaginal area" of the victim where the charge, when considered as a whole, made it clear that the jury had to find that defendant intended to penetrate the vaginal opening as a necessary element of the crime of second degree sexual offense.

APPEAL by defendant from *Snepp (Frank W.), Judge,* and *Downs (James U.), Judge.* Order entered 22 October 1986 and judgment entered 28 July 1987 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 3 May 1988.

Defendant was indicted for second-degree sexual offense involving his eight-year-old stepdaughter, a violation of G.S. 14-27.5. Defendant's oral motion to quash the indictment was denied by Judge Snepp on 22 October 1986. At trial, the jury found defendant guilty of attempt to commit a second-degree sexual offense. Judge Downs sentenced defendant to three years in the custody of the State Department of Corrections. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for the State.*

*Carnes and Franklin, by Hugh J. Franklin, for defendant-appellant.*

SMITH, Judge.

Defendant brings forward five assignments of error. First, he contends the trial court erred by denying his motion to quash the

indictment. Second, he assigns error to the State's use of leading questions during the direct examination of the victim. Defendant's third assignment of error is that the trial court erred by denying his motion to dismiss at the close of the evidence. Fourth, he assigns error to the court's jury instruction that the offense could have been committed any time during the month of November 1985. Finally, defendant contends the trial court erred in its instruction on attempted second-degree sexual offense. We have reviewed each assignment of error and conclude there was no prejudicial error in the proceedings below.

[1]  Defendant first assigns error to the denial of his motion to quash the indictment. The indictment charges a violation of G.S. 14-27.5 and is captioned "SECOND DEGREE SEXUAL OFFENSE." It specifically states: "defendant . . . unlawfully, willfully and feloniously did engage in a sex offense with [victim's name] age 8, by force and against that victim's will. At the time of this offense the defendant was at least 12 years old and at least 4 years older than the victim." Defendant contends the indictment is insufficient to allow him to determine whether the State intended to proceed on the theory of first or second-degree sexual offense and should therefore be dismissed.

Although not cited by either defendant or the State, G.S. 15-144.2(a) sets forth the requirements for sexual offense indictments. For an indictment to be legally valid under the statute, it must contain only the following: the name of the accused, the date of the offense, the county in which the offense was allegedly committed, the averment "with force and arms," the allegation that the accused unlawfully, willfully and feloniously engaged in a sex offense with the victim by force and against the victim's will, and the victim's name. G.S. 15-144.2(a). An indictment including such information is sufficient to charge first-degree sexual offense, second-degree sexual offense, attempt to commit a sexual offense or assault. *Id.* The statute provides that if the indictment contains the additional averment that the victim was under age 13, the indictment is sufficient to charge first-degree sexual offense and all lesser included offenses. G.S. 15-144.2(b). The indictment in this case contains all the information necessary to charge defendant with either first or second-degree sexual offense. The statements regarding the victim's and defendant's ages do not render the in-

dictment insufficient to charge a violation of G.S. 14-27.5. This assignment of error is overruled.

We also note that on defendant's "Waiver/Certification of Arraignment" form he entered a plea of not guilty to the offense of second-degree sexual offense. Thus, defendant was well aware of the offense for which the State intended to prosecute. Furthermore, even though defendant could have been tried for first-degree sexual offense, the only difference between the first and second-degree offenses on the facts of this case are the ages of the victim and defendant, a distinction that would not affect defendant's preparation for trial.

[2] Defendant's second assignment of error is that the trial court abused its discretion by allowing the district attorney to ask leading questions during the direct examination of the victim. We note that defendant excepted only to the court's ruling allowing one question: "And were you afraid back then to sleep in your own bed?" With this question, the prosecutor was merely seeking to establish background information; he was not attempting to elicit crucial testimony of the elements of the crime charged. Defendant was not prejudiced by the ruling. Neither was the ruling error. The rule is that "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony." G.S. 8C-1, Rule 611(c). The application of this rule is within the discretion of the trial judge and the ruling is reversible only for abuse of discretion. *State v. Higginbottom,* 312 N.C. 760, 324 S.E. 2d 834 (1985). The trial court is "allowed wide latitude in the questioning of a witness of tender years or when the subject concerns a delicate matter such as sexual conduct." *State v. Wilson,* 322 N.C. 91, 96, 366 S.E. 2d 701, --- (1988). In this case, the subject matter of the young victim's testimony, whether and how the sexual act was committed, was indeed a delicate matter. We hold that the trial judge did not abuse his discretion by allowing the district attorney to ask leading questions of the victim in this case.

[3] Defendant next assigns error to the trial court's denial of his motion to dismiss made at the close of all the evidence. He contends that: (1) there was no evidence of force or threat of force to commit the offense; (2) the victim did not testify to a specific sexual act; and (3) the testimony as to the date of the offense was too

confusing and inconsistent to support a conviction. The test for a motion to dismiss is whether, considering the evidence in the light most favorable to the State and giving the State the benefit of all discrepancies and every reasonable inference, there is substantial evidence of each material element of the offense. *State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981). Thus, the trial court's ruling was proper if there is substantial evidence of each element of second-degree sexual offense.

G.S. 14-27.5(a) provides:

A person is guilty of a sexual offense in the second degree if the person engages in a sexual act with another person:

(1) By force and against the will of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know that the other person is mentally defective, mentally incapacitated, or physically helpless.

As the trial court charged only on the elements of second-degree sexual offense in G.S. 14-27.5(a)(1), the question for our consideration is whether there is substantial evidence that the sexual act was by force and against the victim's will.

"[T]he common law implied in law the elements of force and lack of consent so as to make the crime of rape complete upon the mere showing of sexual intercourse with a person who is asleep . . . and therefore could not resist or give consent." *State v. Moorman*, 320 N.C. 387, 392, 358 S.E. 2d 502, 505-06 (1987). The phrase "by force and against the will" used in the first and second-degree rape statutes and the first and second-degree sexual offense statutes "means the same as it did at common law when it was used to describe some of the elements of rape." *State v. Locklear*, 304 N.C. at 539, 284 S.E. 2d at 503. It makes no difference in the case of a sleeping or similarly incapacitated victim whether the State proceeds on the theory of a sexual act committed by force and against the victim's will or whether it alleges an incapacitated victim; force and lack of consent are implied in law. *See State v. Moorman, supra.* The victim testified that she was asleep in the same bed with her stepfather, defendant, and was awakened by defendant committing the sexual act charged. We

hold there was sufficient evidence of force to deny defendant's motion to dismiss.

Defendant also contends his motion to dismiss should have been granted because the victim did not testify to a specific sexual act. The victim testified that she was asleep in the same bed with defendant and when she woke up defendant "put his hand down in my panties and went around and around in my bing bing." She also testified that "bing bing" meant her "private place" and that she felt defendant's finger "inside" her "bing bing." The victim's grandmother testified that the victim told her the same things to which the victim testified. It is clear from the grandmother's testimony that the victim used the words "bing bing" to refer to her vagina. "Although the victim did not use the word 'vagina,' or 'genital area,' when describing the sexual assault perpetrated upon her, she did employ words commonly used by females of tender years to describe these areas of their bodies, of which they are just becoming aware." *State v. Rogers*, 322 N.C. 102, ---, 366 S.E. 2d 474, 476 (1988). The testimony was sufficient to require submission of defendant's guilt of second-degree sexual offense to the jury.

Defendant also contends his motion to dismiss should have been granted because the date the offense occurred was not shown by the evidence. The victim testified that the offense occurred while her sister was away at their grandmother's house to help hang curtains. She also testified that she thought it was weeks after it happened before she told her grandmother. The grandmother testified that the victim's sister visited to help hang curtains the third week of October 1985 and that the victim had complained of vaginal discomfort two to three weeks before 15 November 1985 when the victim told her what had happened.

> We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

*State v. Wood*, 311 N.C. 739, 742, 319 S.E. 2d 247, 249 (1984) (citations omitted). For the reasons stated, the trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

[4] Defendant's fourth assignment of error is that the trial court erred in instructing the jury that the offense could have occurred any time during the month of November 1985. Defendant did not object to the instruction as required by App. R. 10(b)(2). Thus, defendant relies on "plain error," error which denies defendant a fundamental right or results in a miscarriage of justice. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). We hold that defendant has not shown prejudicial error in the jury instruction. In determining whether a defect in the jury instruction is "plain error," we must decide if the instructional error had a probable impact on the jury's finding of guilt. *Id.* We hold that the instruction did not have such an impact. Additionally, "[w]here time is not of the essence of the offense charged and the statute of limitations is not involved, a discrepancy between the date alleged in the indictment and the date shown by the State's evidence is ordinarily not fatal." *State v. Locklear*, 33 N.C. App. 647, 653-54, 236 S.E. 2d 376, 380, *disc. rev. denied*, 293 N.C. 363, 237 S.E. 2d 851 (1977). Defendant did not present alibi evidence for the date alleged in the indictment or for the dates shown by the State's evidence; he simply denied committing the offense. As defendant did not rely on the date charged in the indictment, the variation in the State's evidence did not deprive him of his right adequately to present his defense or ensnare him in any way. Under these circumstances, the variance between the date in the indictment and that indicated in the charge is not prejudicial. This assignment of error is overruled.

[5] Defendant's final assignment of error is that the trial court erred in instructing the jury on the definition of attempt to commit second-degree sexual offense. The court instructed the jury in part as follows:

> For you to find him guilty of attempted second degree sexual offense, the State must prove two things beyond a reasonable doubt, first of all considering all the elements I heretofore gave you what constitutes second degree sexual offense, [the first element of attempt is that he intended to

> commit a second degree sexual offense by inserting his finger into the vagina or vaginal area] of the alleged victim and included among that and within that are the fact to be considered by you that he used --- that he attempted to use or attempted to threaten the use of force sufficient to overcome any resistence she might have and that she did not consent and it was against her will.

Defendant objects to the bracketed part of the instruction contending it would allow the jury to find him guilty of the attempted crime if it found he intended to place his finger in the "vaginal area," an act not a crime under the statute since there would be no intent to penetrate the genital opening. We hold that while the instruction was not technically correct, there was no prejudice to defendant. Earlier in the charge, the court properly instructed the jury that to prove a second-degree sexual offense the State had to prove that defendant engaged in a sexual act with the victim and defined sexual act as "any penetration, however slight, by an object into the genital opening of a person's body." Our Supreme Court has held that "it is fundamental that the charge of the court will be construed contextually, and isolated portions will not be held to constitute prejudicial error when the charge as a whole is free from objection." *State v. Hutchins*, 303 N.C. 321, 346, 279 S.E. 2d 788, 803 (1981). Construing the charge contextually, the jury must have understood that they had to find defendant intended to penetrate the vaginal opening as a necessary element of the crime of attempted second-degree sexual offense. This assignment of error is overruled.

No error.

Judges JOHNSON and PHILLIPS concur.