STATE OF NORTH CAROLINA v. ROBERT MILLER, Defendant

No. COA02-589

(Filed 5 August 2003)

## 1. Sexual Offenses— first-degree sexual offense—indictment—confused with statutory sexual offense

Indictments for first-degree sexual offense were fatally defective because they confused first-degree sexual offense with statutory sexual offense. The indictments alleged a combination of the elements of the two offenses without alleging each element of either offense, and they erroneously cite a different statute than the one under which defendant was tried, convicted, and sentenced. The "short-form" language of N.C.G.S. § 15-144.2(b) was not sufficient to cure the defects under these narrow circumstances. N.C.G.S. § 14-27.7A; N.C.G.S. § 14-27.4(a)(1).

## 2. Sentencing— prior record level—proof—worksheet not sufficient

The State failed to prove defendant's prior record level by a preponderance of the evidence during sentencing for indecent liberties where the State submitted a prior record worksheet but never tendered the criminal information printouts upon which the worksheet was based, and defendant did not stipulate to the worksheet.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgments entered 6 December 2001 by Judge B. Craig Ellis in Scotland County Superior Court. Heard in the Court of Appeals 18 February 2003.

*Attorney General Roy Cooper, by Assistant Attorney General David Gordon, for the State.*

*Daniel Shatz for defendant appellant.*

ELMORE, Judge.

Robert Miller ("defendant") appeals judgments dated 6 December 2001 entered consistent with jury verdicts finding him guilty of two counts of first-degree sexual offense under N.C. Gen. Stat. § 14-27.4(a)(1) (98 CRS 0005 and 0006) (collectively, the "sexual offense convictions") and one count of taking indecent liberties with

STATE v. MILLER

[159 N.C. App. 608 (2003)]

a child (98 CRS 0007) (the "indecent liberties conviction"). Because we conclude that the indictments in 98 CRS 0005 and 98 CRS 0006 are fatally defective, we vacate the judgments entered on the sexual offense convictions. While defendant's indecent liberties conviction (98 CRS 0007) is undisturbed, we remand for resentencing in that matter because the State failed to prove defendant's prior record level by a preponderance of the evidence.

The indictments upon which the sexual offense convictions were obtained were based on improper sex acts allegedly committed by defendant upon two minor children, "M.T." and "B.M." Defendant's indictment for taking indecent liberties with a child was based on his improper touching of his twelve-year-old stepdaughter, "C.C." At trial, the State's evidence tended to show that on the morning of 16 October 1997 defendant, who was then forty-eight years old, approached C.C. while she was sleeping on the couch in their home and touched her on her vagina outside her nightgown and shorts. After C.C. told defendant to stop, defendant apologized, gave C.C. fifteen dollars, and asked her not to tell anyone. C.C. testified that from the time she was "about seven," defendant had come into her bedroom "almost every night" and touched her on her vagina while she was sleeping. C.C. never told anyone because she was afraid of defendant. After the incident on 16 October 1997, however, C.C. told her brother, then went on to school. C.C's mother picked her up from school later that day and took her to talk to Stephanie Monroe, a Child Protective Services Investigator with the Scotland County Department of Social Services, and Bill Edge, a detective with the Scotland County Sheriff's Department. C.C.'s testimony was substantially corroborated at trial by Monroe, Detective Edge, and C.C.'s mother. C.C. also testified that M.T. and B.M. were friends of hers who frequently spent the night with C.C.

M.T. testified that during an overnight visit to C.C.'s house one night in July or August 1997 shortly before her ninth birthday, she awoke to find defendant inserting his finger into her vagina. When M.T. tried to sit up, defendant "pulled his hand from under the cover and ran . . . to his bedroom." M.T. did not tell anyone about this incident until several weeks later, when she confided in C.C. after defendant had moved out following C.C.'s allegations against him. M.T. and C.C. then told C.C.'s mother, who in turn informed M.T.'s mother. M.T. subsequently gave a statement to Detective Edge consistent with this account.

B.M. testified that in August 1997, when she was eleven years old, she was spending the night at C.C.'s house when she awoke to find defendant "over [her] . . . touch[ing her] on [her] butt." Defendant left the room but returned a few minutes later and inserted his finger into B.M.'s vagina while she was sleeping. B.M. "kicked him off of [her] . . . pulled [her] pants up and [defendant] gave [her] $12.00." Defendant "told [B.M.] not to tell no one and if [she] did, he'd get [her]." Defendant then left the house. The next day, B.M. "just told [her mother] about him rubbing [her] on [her] butt." B.M. testified that she did not immediately tell her mother about the digital penetration because she was scared of defendant, but that she eventually told her mother about it several weeks later, after C.C. and M.T. had made their allegations against defendant. B.M. also gave a statement to Detective Edge. Portions of M.T.'s and B.M.'s testimony were corroborated at trial by Detective Edge, by C.C.'s mother, and by each girl's own mother.

In separate interviews with Monroe and with Detective Edge, defendant admitted that he "touch[ed]" C.C. and "ran [his] hand up her shorts" on 16 October 1997. Defendant also gave a statement to Detective Edge in which he said he "would get up during the night and . . . would go to wherever [C.C.] was sleeping and would touch her in places in between her legs through her clothes" and that "[t]his ha[d] been going on about four or five months off and on." In his statement to Detective Edge, defendant denied ever touching M.T. or B.M. Defendant offered no evidence at trial.

At sentencing, the State tendered a prior record worksheet listing five misdemeanor convictions for defendant, for a total of five prior record points, placing defendant at prior record level III. Defendant did not stipulate to this prior record and subsequently "move[d] to set aside the sentences in level III." While the prior record worksheet was admitted into evidence, the State did not introduce any documents in support of the worksheet, such as computer printouts from the Administrative Office of the Courts or the Division of Criminal Information, despite asserting that the worksheet was based on these sources. The trial court subsequently entered judgments applying prior record level III and imposing consecutive active sentences of 420 to 513 months imprisonment for each of the two first-degree sexual offense convictions and twenty-six to thirty-three months imprisonment for the indecent liberties conviction.

Defendant brings forth five assignments of error in his brief, asserting (1) that the judgments entered against him on the two first-

degree sexual offense convictions should be vacated, and (2) that the sentences imposed following defendant's convictions on these counts, as well as on the indecent liberties conviction, should be vacated and the case remanded for resentencing.

[1] The first issue before this Court is whether the indictments upon which defendant's sexual offense convictions (98 CRS 0005 and 0006) were obtained are invalid. At trial, defendant moved to dismiss the first-degree sexual offense charges on the grounds that the indictments failed to properly charge that offense. The trial court denied defendant's motion. Defendant contends that the trial court erred in denying his motion to dismiss the first-degree sexual offense charges. We agree.

Our Supreme Court has stated that "[j]urisdiction to try an accused for a felony depends upon a valid bill of indictment guaranteed by Article I, Section 22 of the North Carolina Constitution." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996). Our Legislature has required that an indictment or other criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting *every element* of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2001) (emphasis added); *State v. Freeman*, 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985).

In the case *sub judice*, a review of the record indicates judgment and commitment was entered upon defendant's convictions on two counts of first-degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4, which provides in pertinent part as follows:

> § 14-27.4. First-degree sexual offense.
>
> (a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.] . . .

N.C. Gen. Stat. § 14-27.4(a)(1) (2001).

STATE v. MILLER

[159 N.C. App. 608 (2003)]

The indictments in the instant case, which were identical except for the name of the alleged victim, were each entitled "INDICTMENT STATUTORY SEXUAL OFFENSE" and read as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about and between the 1st day of May, 1997 and the 30th day of August, in the county named above the defendant named above unlawfully, willfully and feloniously did engage in a sex act with [M.T. and B.M., respectively], a child under the age of (13) thirteen. At the time of the offense the defendant was more than (6) years older than the victim and not lawfully married to the victim. *This act was in violation of North Carolina General Statutes Section 14-27.7A.* (Emphasis added)

Thus, the indictments in 98 CRS 0005 and 0006 allege that defendant's alleged conduct with M.T. and B.M. violated N.C. Gen. Stat. § 14-27.7A, while judgment and commitment was actually entered upon defendant's conviction for violation of N.C. Gen. Stat. § 14-27.4(a)(1). N.C. Gen. Stat. § 14-27.7A sets forth the elements for a similar, but not identical, offense as follows:

§ 14-27.7A.  rape or sexual offense of person who is 13, 14, or 15 years old.

(a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A(a) (2001).

In the instant case, a careful reading of the indictments upon which defendant's first-degree sexual offense convictions were obtained reveals that not only do they erroneously cite a different statute than the one under which defendant was tried, convicted, and sentenced, the indictments also allege violation of a *combination* of the elements of the two separate and distinct offenses set forth in N.C. Gen. Stat. § 14-27.4(a)(1) and N.C. Gen. Stat. § 14-27.7A(a), without alleging each element of either offense.

The indictments allege that defendant "unlawfully, willfully and feloniously did engage in a sex act with [M.T. and B.M., respectively], a child *under the age of (13) thirteen.*" (Emphasis added). This allegation comports with the language of N.C. Gen. Stat. .§ 14-27.4(a)(1),

which requires that the victim be "a child *under* the age of 13 years[,]" but it contradicts N.C. Gen. Stat. § 14-27.7A(a), under which the victim must be a "person who *is* 13, 14, or 15 years old. . . ." (Emphases added). The indictments go on to allege that "[a]t the time of the offense the defendant was more than (6) years older than the victim and not lawfully married to the victim." These statutory requirements are elements of statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a), but they are not elements of first-degree sexual offense under N.C. Gen. Stat. § 14-27.4(a)(1), the statute upon which defendant was tried, convicted, and sentenced. Finally, N.C. Gen. Stat. § 14-27.4(a)(1) provides that to be guilty of first-degree sexual offense, the defendant must be "at least 12 years old" and "at least four years older than the victim." The indictments here do not contain any such allegations, instead alleging only that defendant was more than six years older than each victim.

We are mindful that while the established rule is that an indictment is not valid and will not support a conviction unless each element of the crime is accurately and clearly alleged therein, our Legislature has authorized the use of "short form" indictments for certain crimes. *State v. Jerrett*, 309 N.C. 239, 259, 307 S.E.2d 339, 350 (1983). Short-form indictments are "sufficient to allege an offense even though not all of the elements of a particular crime are required to be alleged" therein. *Id.* Our Legislature has authorized the use of a short-form indictment as a charging instrument for statutory sex offense. N.C. Gen. Stat. § 15-144.2(b) (2001); *State v. Wallace*, 351 N.C. 481, 505, 528 S.E.2d 326, 342, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000), *reh'g denied*, 531 U.S. 1120, 148 L. Ed. 2d 784 (2001).

N.C. Gen. Stat. § 15-144.2(b) provides the approved "short-form" essentials for an indictment charging sex offense:

> (b) If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses.

N.C. Gen. Stat. § 15-144.2(b) (2001).

While the indictments in 98 CRS 0005 and 0006 (1) allege that each victim is a child under age thirteen, (2) name each child, and (3) aver that defendant "did engage in a sex act" with each, we conclude that, under the very narrow circumstances presented by this case, the use of "short-form" language authorized under N.C. Gen. Stat. § 15-144.2(b) in the indictments is not sufficient to cure the fatal defects found therein. Here, the indictments cite one statute, and defendant was tried, convicted, and sentenced under another statute. Moreover, the indictments allege facts sufficient to satisfy *some* elements contained in each of these statutes to the exclusion of the other, but these averments are insufficient to satisfy *all* of the elements contained in either statute. Based on these circumstances, we conclude that these indictments frustrate the very purposes of requiring an indictment in a criminal prosecution, which our Supreme Court has stated "include giving a defendant notice of the charge against him so that he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense." *Freeman*, 314 N.C. at 435, 333 S.E.2d at 745. We therefore hold that the indictments in 98 CRS 0005 and 0006 are fatally defective, requiring that the judgments entered in those cases be vacated. Because this issue is dispositive, we need not address defendant's remaining assignments of error concerning the sexual offense convictions.

[2] While defendant's indecent liberties conviction (98 CRS 0007) is undisturbed by the foregoing, defendant next contends that the trial court erred by finding him to be at prior record level III for sentencing purposes. We agree.

In *State v. Goodman*, 149 N.C. App. 57, 71, 560 S.E.2d 196, 205 (2002), *rev'd on other grounds*, 357 N.C. 43, 577 S.E.2d 619 (2003), a case in which the State submitted a prior record level worksheet which it claimed was based on a criminal information printout but submitted neither the printout nor any other supporting documentation, this Court held that "the State failed to prove by a preponderance of the evidence that defendant was the same person convicted of the prior crimes listed on his prior record level worksheet." In remanding that case for resentencing, this Court stated "we believe the law requires more than the State's unverified assertion that a defendant was convicted of the prior crimes listed on a prior record level worksheet." *Id.* at 72, 560 S.E.2d at 205; *see also State v. Smith*, 155 N.C. App. 500, 515, 573 S.E.2d 618, 628 (2002), *disc. review denied*, 357 N.C. App. 255, —— S.E.2d —— (2003).

In the present case, as in *Goodman,* the State submitted the prior record worksheet but never tendered to the trial court or offered into evidence the criminal information printouts upon which it asserted the worksheet was based. Defendant did not stipulate to the prior record level as calculated on the worksheet. We hold that the State failed to prove defendant's prior record level by a preponderance of the evidence, and remand for resentencing.

In summary, we hold that the judgments on defendant's two first-degree statutory sex offense convictions (98 CRS 0005 and 98 CRS 0006) are vacated, and we remand for a resentencing hearing on defendant's conviction for taking indecent liberties with a child (98 CRS 0007).

Vacated in part; remanded in part.

Judge HUNTER concurs in part and dissents in part.

Judge BRYANT concurs.

HUNTER, Judge, concurring in part and dissenting in part.

I disagree with the majority's holding "that the indictments in 98 CRS 0005 and 0006 are fatally defective, requiring that the judgments entered in those cases be vacated." Therefore, I respectfully dissent.

"Both our legislature and our courts have endorsed the use of short-form indictments for . . . sex offenses, even though such indictments do not specifically allege each and every element." *State v. Harris,* 140 N.C. App. 208, 215, 535 S.E.2d 614, 619 (2000) (citations omitted). Pursuant to N.C. Gen. Stat. § 15-144.2(b) (2001), "[i]f the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child . . . ." An indictment including these averments and allegations "shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses." *Id.* The indictments at issue in this case (1) allege that each victim is under the age of thirteen; (2) name each victim; and (3) aver that defendant "unlawfully, willfully and feloniously did engage in a sex act . . . ." Contrary to the majority, I believe these indictments are sufficient since they contain all the information

required under N.C. Gen. Stat. § 15-144.2(b). While the indictments contain additional factual allegations, these unnecessary allegations should be treated as surplusage. *See State v. Moore*, 311 N.C. 442, 460, 319 S.E.2d 150, 156 (1984) (Meyer, J., concurring) (citing *State v. Moore*, 284 N.C. 485, 202 S.E.2d 169 (1974); *State v. Lewis*, 58 N.C. App. 348, 293 S.E.2d 638 (1982)).

This case can be compared to *State v. Dillard*, 90 N.C. App. 318, 320, 368 S.E.2d 442, 444 (1988), in which this Court concluded the indictment at issue was sufficient to charge the defendant with either first or second degree sexual offense. In *Dillard*, the indictment charged a violation of N.C. Gen. Stat. § 14-27.5 and was captioned " 'SECOND DEGREE SEXUAL OFFENSE.' " *Id.* The indictment stated " 'defendant . . . unlawfully, willfully and feloniously did engage in a sex offense with [victim's name] age 8, by force and against that victim's will. At the time of this offense the defendant was at least 12 years old and at least 4 years older than the victim.' " *Id.* This Court concluded "[t]he statements regarding the victim's and defendant's ages d[id] not render the indictment insufficient to charge a violation of G.S. 14-27.5 [second degree sexual offense,]" which offense did not include any age requirements of the victim or perpetrator. *Id.* at 320-21, 368 S.E.2d at 444. Although the indictment in *Dillard* included information in addition to that required in a short-form indictment for a sexual offense, this Court concluded the indictment was sufficient to charge the defendant with either first or second degree sexual offense. *Id.* at 320, 368 S.E.2d at 444.

The indictments in the instant case, as the indictment in *Dillard*, include elements from two different statutes. In this case, the indictments include elements from N.C. Gen. Stat. § 14-27.4 (first degree sexual offense) and elements from N.C. Gen. Stat. § 14-27.7A (statutory rape or sexual offense of person who is 13, 14, or 15 years old). In following *Dillard*, the indictments are sufficient to charge defendant with first degree sexual offense and all lesser included offenses. Therefore, I would hold that the indictments in 98 CRS 0005 and 0006 are not fatally defective.