IN THE MATTER OF: M.S.

No. COA08-1016

(Filed 18 August 2009)

**Juveniles— subject matter jurisdiction—sexual offenses—fatally defective petition—failure to name victims**

The trial court lacked subject matter jurisdiction in a first-degree sexual offense case based on fatally defective petitions, and the trial court's order is vacated because: (1) the State was required by N.C.G.S. § 15-144.2(b) to name the alleged victims in the juvenile petitions; (2) the State did not name the victim at all, and the petitions did not include the victim's initials or any other means of identifying the victim; and (3) the State's bare reference to "a child" violates N.C.G.S. § 15-144.2(b) and renders the petitions facially defective. Further, a challenge to the facial validity of a juvenile petition may be raised at any time.

**IN RE M.S.**

[199 N.C. App. 260 (2009)]

Appeal by juvenile from orders entered 11 March 2008 by Judge Margaret L. Sharpe and 15 April 2008 by Judge Susan E. Bray in Guilford County District Court. Heard in the Court of Appeals 10 March 2009.

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*Ryan McKaig for juvenile-appellant.*

GEER, Judge.

The juvenile M.S. appeals from the trial court's orders adjudicating him delinquent and placing him on probation for 12 months. On appeal, the juvenile contends the trial court lacked subject matter jurisdiction because the juvenile petitions, which failed to name the alleged victims of the charged offenses, were fatally defective. We agree that the State was required by N.C. Gen. Stat. § 15-144.2(b) (2007) to name the alleged victims in the juvenile petitions and, therefore, vacate the trial court's orders.

## Facts

On 25 and 30 January 2008, the State filed four juvenile petitions alleging that the juvenile was delinquent for committing four counts of first degree sexual offense. On 4 February 2008, the juvenile filed a transcript of admission in which the juvenile admitted committing two counts of first degree sexual offense in exchange for the State's promise to dismiss the two remaining counts. The trial court accepted the admission on 4 February 2008.

At the adjudication hearing, the State provided the following factual basis for the juvenile's admission. On 12 November 2007, a mother contacted police officers to report that her five-year-old son, A.H. ("Andrew"),[1] had been sexually assaulted. Andrew's mother reported that when she gave Andrew a bath, he indicated that his "behind" was sore, and when she asked him what had happened, he said the juvenile's name. Upon being interviewed by police officers, Andrew said that the juvenile had "put his weiner [sic] in [Andrew's] behind" when Andrew spent the night at the juvenile's house. Andrew said that the juvenile had done the same thing to his cousin who was also five years old. In his statement to the police, the juvenile said that he and the two boys had been playing a game and that he "took

---

1. The minor victim's name has been changed to protect his privacy.

**IN RE M.S.**

[199 N.C. App. 260 (2009)]

his hand and put it on their private part, and that he tried to put his penis in their behind but did not. . . ." The juvenile was 14 years old at the time.

The trial court adjudicated the juvenile delinquent in an order filed 11 March 2008. Following a dispositional hearing on 31 March 2008, an order was entered on 15 April 2008 placing the juvenile on Level 2 probation for 12 months. The juvenile timely appealed to this Court.

## Discussion

The juvenile's sole contention on appeal is that the juvenile petitions were fatally defective because they failed to name the alleged victims of the charged offenses. As an initial matter, the State contends that any defect in the petitions was a constitutional error, review of which the juvenile waived by failing to object below. Because the juvenile argues that the State's failure to name the victims in the juvenile petitions deprived the trial court of subject matter jurisdiction, the juvenile's challenge is jurisdictional and unable to be waived.

Challenges to a court's subject matter jurisdiction may be raised at any time. *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) ("Because litigants cannot consent to jurisdiction not authorized by law, they may challenge 'jurisdiction over the subject matter . . . at any stage of the proceedings, even after judgment.' ") (quoting *Pulley v. Pulley*, 255 N.C. 423, 429, 121 S.E.2d 876, 880 (1961), *appeal dismissed and cert. denied*, 371 U.S. 22, 9 L. Ed. 2d 96, 83 S. Ct. 120 (1962)). "Arguments regarding subject matter jurisdiction may even be raised for the first time before [an appellate] [c]ourt." *Id.*

Further, our courts have repeatedly held that a defective petition "is inoperative and fails to evoke the jurisdiction of the court." *In re J.F.M. & T.J.B.*, 168 N.C. App. 143, 150, 607 S.E.2d 304, 309, *appeal dismissed and disc. review denied*, 359 N.C. 411, 612 S.E.2d 320 (2005).[2] Therefore, a challenge to the facial validity of a juvenile peti-

---

2. In criminal cases, a valid indictment gives the trial court its subject matter jurisdiction over the case. *In re Griffin*, 162 N.C. App. 487, 493, 592 S.E.2d 12, 16 (2004). Thus, " '[a] facially invalid indictment deprives the trial court of jurisdiction to enter judgment in a criminal case.' " *State v. McKoy*, 196 N.C. App. 650, 654, 675 S.E.2d 406, 410 (2009) (quoting *State v. Haddock*, 191 N.C. App. 474, 476, 664 S.E.2d 339, 342 (2008)). Since "[i]n a juvenile delinquency action, the juvenile petition 'serves essentially the same function as an indictment in a felony prosecution,' " *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006) (quoting *Griffin*, 162 N.C. App. at 493, 592 S.E.2d at 16), this same principle applies in juvenile proceedings.

tion "may be raised at any time." *S.R.S.*, 180 N.C. App. at 153, 636 S.E.2d at 279. This rule applies even when a juvenile has filed a transcript of admission. *See State v. McGee*, 175 N.C. App. 586, 587-88, 623 S.E.2d 782, 784 ("By knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment. Nevertheless, when an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indictment may be challenged at any time." (internal citations omitted)), *disc. review denied*, 360 N.C. 489, 632 S.E.2d 768, *appeal dismissed and disc. review denied*, 360 N.C. 542, 634 S.E.2d 891 (2006).

The juvenile contends on appeal that the petitions in this case were facially defective under N.C. Gen. Stat. § 15-144.2(b). Accordingly, the juvenile is challenging the trial court's subject matter jurisdiction, an issue that may be raised for the first time on appeal. We note that the State has cited no authority suggesting that arguments such as those made by the juvenile in this case do not implicate the trial court's subject matter jurisdiction and may be waived. We, therefore, conclude that the juvenile's challenge to the petitions is properly before us.

" 'Because juvenile petitions are generally held to the standards of a criminal indictment, we consider the requirements of the indictments of the offenses at issue.' " *S.R.S.*, 180 N.C. App. at 153, 636 S.E.2d at 280 (quoting *In re B.D.W.*, 175 N.C. App. 760, 761, 625 S.E.2d 558, 560 (2006)). The petitions in this case charged the juvenile with first degree sexual offense. The General Assembly has authorized the State to use short-form indictments when charging first degree sexual offense. *State v. Miller*, 159 N.C. App. 608, 613, 583 S.E.2d 620, 623 (2003), *aff'd per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004). With respect to short-form indictments for sexual offense, N.C. Gen. Stat. § 15-144.2(a) provides:

> In indictments for sex offense it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the sex offense was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, *naming the victim*, by force and against the will of such victim and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in

law as an indictment for a first degree sex offense and will support a verdict of guilty of a sex offense in the first degree, a sex offense in the second degree, an attempt to commit a sex offense or an assault.

(Emphasis added.)

Similarly, N.C. Gen. Stat. § 15-144.2(b) provides that

[i]f the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, *naming the child,* and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses.

(Emphasis added.)

The juvenile argues on appeal that the petitions were fatally defective because they fail to allege the name of the child victims. The petitions filed in this case alleged:

The juvenile is a delinquent juvenile as defined by G.S. 7B-1501(7) in that on or about the date of the alleged offense shown above and in the county named above the juvenile did unlawfully, willfully, and feloniously, did [sic] . . . ENGAGE IN A SEXUAL ACT OTHER THAN VAGINAL INTERCOURSE WITH A CHILD UNDER THE AGE OF 13 YEARS, WHO IS AT LEAST FOUR YEARS YOUNGER THAN THE DEFENDANT, AND THE DEFENDANT IS AT LEAST 12 YEARS OLD. G.S. 14-27.4(a)(1) FIRST DEGREE STATUTORY SEXUAL OFFENSE.

Thus, the petitions merely reference "a child" without alleging the victims' names.

The State argues that the name of the victim is simply an evidentiary detail that need not always be included in the indictment. In support of this argument, the State relies on *State v. Edwards,* 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982), in which the Supreme Court held that while the State was required to prove a "sexual act" was committed, the State was not required to specify which sexual act was committed in the indictment. In *Edwards,* however, the Court explicitly stated that N.C. Gen. Stat. § 15-144.2(b) "provides the approved 'short form' *essentials* of a bill for sex offense. . . ." *Edwards,* 305

N.C. at 380, 289 S.E.2d at 362 (emphasis added). As naming the victim is included in the statute, it is one of those " 'short form' essentials" that must be contained in the indictment. *Id.*

This conclusion was also reached in *State v. Dillard*, 90 N.C. App. 318, 320, 368 S.E.2d 442, 444 (1988) (internal citations omitted), in which this Court explained that N.C. Gen. Stat. § 15-144.2(a)

> sets forth the *requirements* for sexual offense indictments. *For an indictment to be legally valid under the statute*, it must contain only the following: the name of the accused, the date of the offense, the county in which the offense was allegedly committed, the averment "with force and arms," the allegation that the accused unlawfully, willfully and feloniously engaged in a sex offense with the victim by force and against the victim's will, *and the victim's name*. An indictment including such information is sufficient to charge first-degree sexual offense, second-degree sexual offense, attempt to commit a sexual offense or assault.

(Emphasis added.)[3] *Dillard* thus holds that for a sexual offense indictment "to be legally valid" under N.C. Gen. Stat. § 15-144.2(a), "it must contain," among other items, "the victim's name." *Dillard*, 90 N.C. App. at 320, 368 S.E.2d at 444.

This Court has recently addressed in further detail what is required when naming the victim in order to comply with N.C. Gen. Stat. § 15-144.2(a). In *McKoy*, 196 N.C. App. at 652-53, 675 S.E.2d at 409, the defendant argued that indictments for second degree rape and second degree sexual offense were fatally defective because they did not include the full name of the victim, but rather referred to the victim by initials. The Court noted that the statutes permitting short-form indictments for both rape and sexual offense "include the language 'naming her' or 'naming the victim' as part of the allegations to be set forth in the indictment." *Id.* at 655, 675 S.E.2d at 410-11. The Court pointed out that it had "found no decision by our North Carolina Courts directly interpreting whether 'naming' the victim can only be satisfied by using the victim's full name, or whether a nickname, initials or other identification method would be sufficient." *Id.* at 657, 675 S.E.2d at 411. Federal courts have, however, supported the

---

3. N.C. Gen. Stat. § 15-144.2(b) requires the indictment to "nam[e] the child" as opposed to the victim and also requires the additional allegation that the victim was under the age of 13 to sufficiently charge first-degree sexual offense and all lesser included offenses. Given the phrasing of N.C. Gen. Stat. § 15-144.2, the reasoning of *Dillard* applies equally to § 15-144.2(a) and § 15-144.2(b).

use of initials in indictments. *Id.* at 657 n.1, 675 S.E.2d at 411 n.1. The Court then "conclude[d] that the use of initials to identify a victim will require the trial court to employ the *Coker* and *Lowe* tests to determine if an indictment is sufficient to impart subject matter jurisdiction." *Id.* at 658, 675 S.E.2d at 412.[4] *McKoy*, however, implicitly acknowledges that the indictment must name the victim in some fashion.

In this case the State did not name the victim at all—the petitions did not include the victim's initials or any other means of identifying the victim. As *Dillard* holds and *McKoy* acknowledges, there must be some attempt to name the victim. The State's bare reference to "a child" violates N.C. Gen. Stat. § 15-144.2(b) and renders the petitions facially defective.

Finally, we note that the State's argument that the victim's name is merely evidentiary is not only unsupported by the case law, but also is contrary to longstanding principles in North Carolina law regarding indictments. Our Supreme Court explained more than 50 years ago that "[a]t common law it is of vital importance that the name of the person against whom the offense was directed be stated with exactitude." *State v. Scott*, 237 N.C. 432, 433, 75 S.E.2d 154, 155 (1953). The Supreme Court explained:

> "The purpose of setting forth the name of the person who is the subject on which an offense is committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time."

*Id.* at 433-34, 75 S.E.2d at 155 (quoting *State v. Angel*, 29 N.C. (7 Ired.) 27, 29 (1846)).

Although our courts have become more flexible regarding typographical errors as to names and misnomers in indictments, this Court's recent decision in *McKoy* confirms that the identity of the victim is still of critical importance in avoiding double jeopardy issues. *See McKoy*, 196 N.C. App. at 657, 675 S.E.2d at 412 (holding that the Court was required to determine "whether Defendant's constitutional rights to notice and *freedom from double jeopardy* were adequately protected by the use of the victim's initials" (emphasis added)). The identity of the victim cannot, therefore, be merely an evidentiary matter.

---

4. *See State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984); *State v. Lowe*, 295 N.C. 596, 603, 247 S.E.2d 878, 883 (1978).

" 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *In re R.P.M.*, 172 N.C. App. 782, 787, 616 S.E.2d 627, 631 (2005) (quoting *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)). Because the petitions in this case were fatally defective in failing to name the alleged victims, we are compelled to vacate the trial court's orders.

Vacated.

Judges McGEE and BEASLEY concur.