STATE OF NORTH CAROLINA v. JOSEPH D. DIAZ

No. 728SC196

(Filed 28 June 1972)

1. Criminal Law § 21— preliminary hearing — indictment

A preliminary hearing is not an essential prerequisite to a bill of indictment.

2. Criminal Law §§ 21, 127— preliminary hearing — motion in arrest of judgment

A motion in arrest of judgment is not the proper method to attack the preliminary hearing, since a judgment in a criminal prosecution may be arrested only when some fatal error or defect appears on the face of the record proper.

3. Criminal Law § 127— motion in arrest of judgment —— evidence

Defects which appear only by aid of the evidence cannot be the subject of a motion in arrest of judgment, since the evidence is not a part of the record proper.

4. Criminal Law § 127— motion in arrest of judgment — defects in preliminary hearing

The trial court did not err in the denial of defendant's motion in arrest of judgment for alleged defects and irregularities in the preliminary hearing, where defendant was tried on a proper bill of indictment, no error appears on the face of the record proper, and defendant has failed to show he was prejudiced by the alleged errors.

5. Criminal Law § 88— cross-examination — discretion of court

While a party has a wide latitude in cross-examining witnesses, the matter and nature of the cross-examination is within the discretion of the trial court, and its ruling should not be disturbed except when prejudicial error is disclosed.

6. Criminal Law § 169— exclusion of evidence — absence of excluded evidence in record

The exclusion of evidence cannot be held prejudicial where the record fails to show what the excluded evidence would have been.

7. Criminal Law § 112— instructions — definition of "beyond a reasonable doubt"

The trial court did not err in instructing the jury that it must be "satisfied to a moral certainty of the truth of the charge," rather than that the jury must be "satisfied to a moral certainty of the truth of defendant's guilt of the charge," the charge as a whole having encompassed such concept.

APPEAL by defendant from *Bailey, Judge,* 16 August 1971 Criminal Session of LENOIR Superior Court.

The defendant was tried upon an indictment, proper in form, charging the felony of illegal possession of narcotic drugs, to wit heroin, in violation of G.S. 90-88. The evidence of the State tended to show the following: On 5 July 1971 at about 10:30 p.m. two law enforcement officers, Shepard and Howard, observed the defendant walking on the grounds of the Holiday Inn in Kinston, North Carolina. The officers stopped their car and Officer Howard noticed that the defendant had something in his hand. Defendant backed away in the well-lighted lot and when he got close to some bushes dropped what he had in his hand. Officer Shepard picked up what the defendant dropped and found 3 bundles, each containing a number of smaller bundles of a powdery substance. Defendant had walked off, but was stopped again and placed under arrest. It was stipulated that the bundles found by Officer Shepard were found to contain heroin.

The defendant testified in his own behalf and his testimony tended to show the following: He lived in Jacksonville, North Carolina. He had come to Kinston to go to a club on Queen Street. He denied ever seeing the packets of heroin before. He did not have them in his possession that night or any other time.

The jury returned a verdict of guilty as charged. From judgment imposing a prison sentence of five years, defendant gave notice of appeal. Defendant's retained counsel was allowed to withdraw and the court appointed present counsel to perfect this appeal.

*Attorney General Robert Morgan by Assistant Attorney General Claude W. Harris for the State.*

*White, Allen, Hooten & Hines by Thomas J. White III for defendant appellant.*

VAUGHN, Judge.

[1-4] Defendant assigns as error the denial of his motion in arrest of judgment for defects and irregularities appearing upon the face of the record with regard to the manner in which the preliminary hearing was conducted. We find no merit in this contention. The record shows that defendant was tried on a proper indictment duly returned by the Grand Jury as a true bill. A preliminary hearing is not an essential prerequisite

to a bill of indictment. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972). In any event, a motion in arrest of judgment is not the proper method to attack the preliminary hearing, because a judgment in a criminal prosecution may be arrested only when some fatal error or defect appears on the face of the record proper. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970); *State v. Ray,* 7 N.C. App. 129, 171 S.E. 2d 202 (1969). Defects which appear only by the aid of evidence cannot be the subject of a motion in arrest of judgment since the evidence is not a part of the record proper. *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377 (1966). After a thorough review of the record in the case at bar, we find no fatal error or defect on its face. Moreover appellant has failed to show that the assigned errors were prejudicial to his rights and that a different result, but for the errors, would have likely ensued. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972).

**[5-6]** Defendant contends the court erred in limiting the defendant's cross-examination of the arresting officers. We find no prejudicial error in the court's rulings. It is true that a party has a right to wide latitude in cross-examining witnesses. However, the matter and the nature of the cross-examination is within the discretion of the trial court and its ruling should not be disturbed except when prejudicial error is disclosed. *State v. Ross,* 275 N.C. 550, 169 S.E. 2d 875 (1969); cert. den. 397 U.S. 1050, 25 L.Ed. 2d 665, 90 S.Ct. 1387. The record clearly shows that after the objections to the questions were sustained there was no attempt to get into the record what the witness would have said. Where the court sustains an objection to evidence, and the record fails to show what the evidence would have been, prejudice is not shown and the exclusion of such evidence cannot be held prejudicial. *State v. Kirby, supra; State v. Price,* 271 N.C. 521, 157 S.E. 2d 127 (1967). We also note that some of trial counsel's questions were clearly argumentative and repetitious.

**[7]** Defendant contends that the court erred in its instruction to the jury as to the definition or meaning of "beyond a reasonable doubt." The court in defining the phrase, "beyond a reasonable doubt," said, "it is meant that they (the jury) must be fully satisfied or entirely convinced or satisfied to a moral certainty of the truth of the charge." Defendant contends that the court should have instructed the jury that they must be, "satisfied to a moral certainty of the truth *of the defendant's*

*guilt* of the charge." When the entire charge is read, it encompasses this concept and there is no prejudicial error in the charge. Taken as a whole it is similar to the charge upheld in *State v. Britt,* 270 N.C. 416, 154 S.E. 2d 519 (1967).

We have carefully considered each of defendant's assignments of error as argued in the brief filed by his able counsel. We find no prejudicial error.

No error.

Judges MORRIS and GRAHAM concur.