STATE OF NORTH CAROLINA v. BARRY DEAN LINDLEY

No. 7419SC606

(Filed 18 September 1974)

1. Criminal Law § 64— under influence of drugs — opinion of lay witness
   A highway patrolman was properly allowed to testify to his opinion that defendant was under the influence of some type of drug notwithstanding there was no showing that the witness had any experience in such matters.

2. Criminal Law § 88— exclusion of repetitious cross-examination
   In a prosecution for driving while under the influence of drugs, defendant was not prejudiced when the court sustained an objection to the broadside and repetitious question asked by defense counsel on cross-examination of the arresting officer as to whether the officer had eliminated all the other possible causes of defendant's impairment.

3. Criminal Law § 122— failure of jury to agree — additional instructions — comment by court — no expression of opinion
   Where the jury was unable to agree on a verdict before the evening recess, the trial court's instructions on the continuation of deliberations the following day, including the comment, "How come everybody got so stubborn? That other jury hasn't agreed yet," did not constitute an expression of opinion as to what the verdict should be and were not coercive when considered as a whole.

Judge VAUGHN dissenting.

APPEAL by defendant from Crissman, Judge, 11 March 1974 Session of Superior Court held in RANDOLPH County.

Defendant was charged by warrant with operating a motor vehicle on a public highway while under the influence of drugs in violation of G.S. 20-139(b). He was convicted in the district court and appealed to the superior court for trial de novo. The only witness at the trial in the superior court was the arresting officer, a highway patrolman who had been employed by the N. C. Highway Patrol for five years. This witness in substance testified:

On Sunday afternoon, 13 May 1973, the officer responded to a complaint that automobiles were blocking a public road which runs beside an abandoned rock quarry used by young people as a swimming hole. On arriving at the scene, he asked everybody to come out and remove their cars from the roadway. He saw defendant driving a car up the road, narrowly missing a bridge railing and weaving from one side to the other. At the

---

---

officer's request, defendant stopped and got out of his car. Defendant was very unsteady on his feet, the pupils of his eyes were contracted, "almost pinpoint," and there was some white substance on his lips. Two boys and a girl in the car with defendant were in the same condition. The officer arrested defendant for driving under the influence of alcohol and took him in the patrol car to the Randolph County jail. At the jail in Asheboro, defendant was given physical dexterity tests, which he was unable to perform. When asked where he thought he was, defendant responded that he was in Siler City. Defendant lives in Siler City, but was arrested outside of Liberty, about ten miles from Siler City. Defendant told the officer he had had two and a half to three cans of beer that afternoon, and asked to be given a breathalyzer test. However, while driving to jail with defendant in the patrol car, the officer could not smell alcohol on defendant's breath, and the officer refused to give defendant a breathalyzer test when it became apparent that defendant had not been drinking.

In the officer's opinion the defendant was under the influence of some type of drug at the time the officer saw him driving. Asked by the solicitor to summarize upon what he based that opinion, the officer testified:

> "On the way he drove his car, the way he walked, acted, talked. He was incoherent at times. His eyes were contracted. His pupils rather were contracted. He seemed to be in a daze, in a stupor."

No drugs were found on defendant's person nor was any search made of his automobile or of the other persons in the automobile.

The jury found defendant guilty. Judgment was entered imposing a suspended sentence. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General H. A. Cole, Jr. and Thomas B. Wood for the State.*

*Dark & Edwards by Phil S. Edwards for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns as error the court's ruling allowing the officer to testify to his opinion that defendant was

under the influence of some type of drug. In this connection defendant points out that there was no showing that the witness had any expertise in such matters. However, our Supreme Court has held that a lay witness may state his opinion as to whether a person is under the influence of drugs when the witness has observed the person and such testimony is relevant to the issue being tried. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968) ; *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d. 405 (1971). On authority of those decisions, defendant's first assignment of error is overruled.

[2]   Defendant's second assignment of error is that the court erred in not allowing defendant's attorney to cross-examine the officer concerning other possible causes of defendant's impairment. On cross-examination the officer admitted that he did not eliminate the possibility that defendant might have had an inner ear infection, but then testified that he had asked the defendant if he had diabetes, if he had any physical defects, if he was sick, if he limped, if he had been injured, if he had seen a doctor or dentist lately, or if he had been taking any kind of medication, to all of which questions defendant had answered "no." Only after this testimony did the court sustain an objection when defendant's counsel asked the officer whether he had eliminated "all the other possibilities."

Control over the manner and extent of cross-examination is a matter within the sound discretion of the trial court, and its rulings in this regard should not be disturbed except when prejudicial error is made to appear. *State v. Diaz,* 14 N.C. App. 730, 189 S.E. 2d 570 (1972). In the present case no attempt was made to place in the record what the witness would have said had he been permitted to answer, and we can see no way in which defendant could have been prejudiced when, after permitting extensive cross-examination, the court finally sustained an objection to the broadside and somewhat repetitious question asked by defendant's counsel. Defendant's second assignment of error is overruled.

[3]   The next assignment of error discussed in defendant's brief relates to a remark made by the trial judge after the case had been submitted to the jury. The jury had commenced deliberations and the judge called them back into the courtroom for

the evening recess. After ascertaining that they had not agreed on a verdict, the judge said:

> "Well, I guess you want to go to supper now, don't you? Maybe you will feel better in the morning, fresh and be able to agree on something. How come everybody got so stubborn? That other jury hasn't agreed yet.
>
> "I hope you will weigh and consider everything and the law that the court gave you, and be able to agree some way in the morning. We will let you go today. Don't talk to anybody about the case. Don't let anybody talk to you. Don't talk to each other, if any of you happen to be together. Come back in the morning and go directly to that same jury room, and when all twelve are present, you begin your deliberations. Do what you think is right based upon the evidence and the law that the court gave you. That is all anybody wants you to do."

Defendant contends that by this statement the court intimated that the jury should have already found him guilty and that not to have done so was stubbornness on their part. The court's statement, however, expressed no opinion as to what the jury's verdict should be, nor was the statement, when considered as a whole, in any way coercive. This assignment of error is also overruled.

The evidence in this case, considered in the light most favorable to the State, was sufficient to require submission of the case to the jury, and defendant's assignments of error directed to the denial of his motions for nonsuit are overruled.

In defendant's trial and in the judgment appealed from we find

No error.

Judge CAMPBELL concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

I am not firmly committed to the notion that a lay witness, after stating in detail all the relevant and specific facts observed by him, should not be allowed to state his conclusion based on

those facts for whatever weight, if any, the jury may elect to attach to it. As a practical matter I doubt that the results at trial would be affected if all rules to the contrary were discarded.

Given however, that we do recognize a concept called the "opinion rule," I must dissent from the view of the majority that the decisions in *Cook* and *Fletcher* require us to hold, without qualification, and contrary to the great weight of authority in this country, that any witness may testify that in his opinion a defendant was under the influence of drugs. As to this question, the law of *Cook* and *Fletcher* appears to be only that in those cases the admission or exclusion of the lay opinion did not constitute prejudicial error so as to require a new trial.

The issue is squarely presented in the case at bar. There is no evidence that the witness had ever seen anyone known to be under the influence of drugs or that he was aware of any symptoms a person under the influence of drugs might display. On the record he was without experience or training relating to drugs. He had never seen defendant before the occasion of the arrest. In my view defendant's first assignment of error is well taken and there should be a new trial.