STATE OF NORTH CAROLINA v. JAMES RODNEY EDWARDS

No. 156A81

(Filed 30 March 1982)

**1. Rape and Allied Offenses § 3— first degree sexual offense—sufficiency of indictment**

An indictment which is drafted pursuant to G.S. 15-144.2(b) without specifying which "sexual act" was committed is sufficient to charge the crime of first degree sexual offense and to inform a defendant of such accusation. If a defendant wishes additional information on the nature of the specific "sexual act" with which he stands charged, he may move for a bill of particulars.

**2. Criminal Law § 73.2; Rape and Allied Offenses § 4.1— accusation of sexual advances by another—testimony not hearsay—exclusion as harmless error**

In a prosecution for first degree sexual offense, the trial court erred in ruling that the hearsay rule required the exclusion of cross-examination of the prosecutrix about an incident in which a man purportedly made a sexual advance toward her in a neighborhood store. However, such error was not prejudicial where the trial court permitted cross-examination concerning three other similar incidents, and such evidence was placed before the jury by the mother of the prosecutrix.

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Johnson, J.*, at the 15 June 1981 Criminal Session of MECKLEN-BURG County Superior Court.

Defendant was charged with first-degree sexual offense. He entered a plea of not guilty.

The State offered evidence tending to show that on three or four occasions over a period of four to eight weeks beginning in November, 1980, defendant engaged in sexual acts with Diana Lynn Austin, his stepdaughter. Diana was under the age of twelve at the time of the incidents and was more than four years younger than the 36-year-old defendant.

The prosecutrix testified that while her mother and two other adults living in the mobile home with the family in Charlotte were out washing clothes at the laundromat, she and two younger children were left in the care of defendant. Defendant entered the bathroom while she was in the bathtub and ordered her to go into her bedroom and lie down upon the bed. After Diana went to the bedroom, defendant followed and began to rub a mole on her body telling her he could make it go away.

Thereafter, defendant put his mouth on the prosecutrix's breasts and later performed cunnilingus upon her.

On a later date, defendant instructed the prosecutrix to lie nude upon the bed while he lay nude upon her and ejaculated on her. On another occasion, defendant inserted his penis into the prosecutrix's mouth.

The State offered the testimony of a Mecklenburg County social worker from child protective services and a county police officer in corroboration of the prosecutrix's testimony. The State also offered evidence of flight by defendant following the removal of the prosecutrix from his home by county authorities.

Defendant denied ever having any sexual contact with his stepdaughter. He offered evidence tending to show that the prosecutrix had previously made false accusations of sexual advances toward her by her natural father, a next door neighbor, a bus driver, and a man at a neighborhood store. In addition, defendant offered the testimony of an attorney consulted regarding child custody, the prosecutrix's mother (defendant's wife), the prosecutrix's natural father, and defendant's mother which tended to show inconsistencies contradicting the prosecutrix's in-court testimony.

The jury returned a verdict of guilty of first-degree sexual offense, and the trial court imposed a judgment of life imprisonment.

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman, Associate Attorney, for the State.*

*Fritz Y. Mercer, Jr., Public Defender, for defendant.*

BRANCH, Chief Justice.

[1] Defendant first assigns as error the trial court's failure to grant his motion to quash the indictment. He contends that the indictment was defective in that it did not allege that he committed a "sexual act" with the victim. He argues that since a "sexual act" is an essential element of first-degree sexual offense it must be alleged in the bill of indictment.

Defendant was tried under G.S. 14-27.4(a)(1), which states that:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child of the age of 12 years or less and the defendant is of the age of 12 years or more and is four or more years older than the victim.

The indictment in instant case reads as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 31st day of October, 1980, in Mecklenburg County, James Rodney Edwards, did unlawfully, wilfully and feloniously commit a sexual offense with Diana Lynn Austin, a child 11 years 10 months old and thus of the age of 12 years or less.

G.S. 15-144.2(b) provides the approved "short form" essentials of a bill for sex offense, to-wit:

If the victim is a person of the age of 12 years or less, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child of 12 years or less, naming the child, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child of the age of 12 years or less and all lesser included offenses.

While it is essential that the State prove a "sexual act" as defined by G.S. 14-27.1(4) in order to convict a defendant under G.S. 14-27.4, an indictment which is drafted pursuant to the provisions of G.S. 15-144.2(b) without specifying which "sexual act" was committed is sufficient to charge the crime of first-degree sexual offense and to inform a defendant of such accusation. *See State v. Hunter*, 299 N.C. 29, 261 S.E. 2d 189 (1980). If a defendant wishes additional information in the nature of the specific "sexual act" with which he stands charged, he may move for a bill of particulars. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978).

The indictment in instant case complies with the statutory language of G.S. 15-144.2(b).

[2] Defendant next assigns as error the action of the trial judge in limiting his cross-examination of the prosecuting witness.

A hearing was conducted in the absence of the jury to determine the admissibility of certain questions which defense counsel proposed to ask on cross-examination of the prosecuting witness. At that hearing, defense counsel questioned the prosecutrix about four separate accusations she had made against other men concerning sexual advances. She denied making three of the accusations but admitted one incident in which a man made a sexual advance toward her in or near a neighborhood store. In connection with the admitted incident at the neighborhood store, she testified that defendant told her that when he made inquiry at the store, the owner said that he would never let it happen again.

At the hearing, defense counsel stated that he would not call the storekeeper, but that defendant would testify that he asked the storekeeper about the accusation and was told that such an incident never took place.

The trial judge ruled that he would permit cross-examination of the prosecuting witness as to all the incidents except the one at the neighborhood store. He based the exclusion of this evidence on the hearsay rule.

"Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." 1 Stansbury's N.C. Evidence § 138 (Brandis rev. 1973) and cases there cited.

In instant case, we are of the opinion that the trial judge should have permitted defense counsel to cross-examine the prosecuting witness as to the neighborhood store incident. The hearsay rule did not apply to the question to be asked her since this was a matter that was within her own knowledge and the probative force of her testimony did not depend upon the competency or credibility of any other person.

We turn to the question of whether the erroneous ruling constituted prejudicial error.

The trial judge has wide discretion in controlling the scope of cross-examination. He sees and hears the witnesses, knows the background of the case, and is in a favorable position to control the proper bounds of cross-examination. Since the limit of legitimate cross-examination is a matter largely within the trial

judge's discretion, his rulings thereon will not be held to be prejudicial error in absence of a showing that the verdict was improperly influenced by the ruling. *State v. Britt,* 291 N.C. 528, 231 S.E. 2d 644 (1977). *See also State v. Lindley,* 23 N.C. App. 48, 208 S.E. 2d 203, *aff'd.* 286 N.C. 255, 210 S.E. 2d 207 (1974). Further, when an erroneous ruling is made excluding cross-examination testimony and evidence of like import is thereafter admitted, any error resulting from the ruling becomes harmless. *State v. Smith,* 294 N.C. 365, 241 S.E. 2d 674 (1978).

In instant case, defendant would have been hard pressed to have contradicted the testimony of the prosecuting witness since under the facts of this case defendant's testimony as to statements made by the storekeeper would have been clearly barred by the hearsay rule. Additionally, the trial judge permitted cross-examination concerning three other similar incidents. The very evidence upon which this assignment of error is based was placed before the jury by the prosecuting witness's mother, who testified before the jury that her daughter made an accusation of sexual advances against someone at or near a local store, and when defendant made inquiry at the store, he was told that the person accused had not even been there.

For reasons stated, we hold that the erroneous ruling in not permitting cross-examination of the prosecuting witness as to the neighborhood store incident did not amount to prejudicial error so as to improperly influence the jury's verdict.

Our careful examination of this entire record reveals no error warranting that the verdict or the judgment be disturbed.

No error.