STATE OF NORTH CAROLINA v. TERRY J. BURGESS AKA
TERRY JOEL COOPER BURGESS

No. COA05-1529

(Filed 2 January 2007)

**1. Appeal and Error— evidence objection not renewed at trial—statute then presumed constitutional**

An assignment of error regarding videotapes was reviewed on appeal even though defendant did not object when the videotapes were offered into evidence. At the time, an evidence rule (N.C.G.S. § 8C-1, Rule 103(a)(2) (2005)) that did not require renewal of an objection was presumed constitutional.

**2. Constitutional Law— right to confrontation—videotapes of interviews—declarants available for cross-examination**

There was no violation of defendant's right to confrontation in the admission of videotapes of interviews between child sexual abuse victims and nurses where the children took the stand and were available for cross-examination.

**3. Evidence— hearsay—videotapes of interviews with nurses—medical diagnosis exception**

Videotapes of interviews between child sexual abuse victims and nurses satisfied the requirements of the hearsay exception for medical diagnosis and treatment. N.C.G.S. § 8C-1, Rule 803(4).

**4. Evidence— hearsay—excited utterance exception—child's statements to mother**

A child sexual abuse victim's statements to her mother were properly admitted as an excited utterance. Fewer than twenty-four hours had passed between the time the child's mother yelled at her for putting dolls in a suggestive position, the assault, and the child's statements to her mother.

**5. Evidence— opinion about victim's credibility—child sexual abuse—testimony that victim suffering from post-traumatic stress**

There was no plain error in allowing a licensed clinical social worker to testify that a child sexual abuse victim was suffering from post-traumatic stress or trauma related to abuse. The State presented physical evidence supporting a diagnosis of abuse, and the court instructed the jury that expert opinion that a person suffers from post-traumatic stress may be considered as corroboration and not as substantive evidence.

**6. Constitutional Law— right to unanimous verdict—multiple instances of child sexual abuse**

Defendant's right to a unanimous verdict was not violated in a prosecution for multiple counts of first-degree sexual offense of a child where the dates and locations of the acts alleged were not included on the verdict sheets.

**7. Witnesses— children—competency**

There was no plain error in allowing the victims of child sexual abuse to testify where they each took the stand outside the presence of the jury and were questioned by the State and the

**STATE v. BURGESS**

[181 N.C. App. 27 (2007)]

trial court, each demonstrated an ability to distinguish between the truth and a lie, stated that it was good to tell the truth and bad to lie, and understood that telling a lie led to punishment. The court made detailed findings as to their competency.

**8. Sexual Offenses— against child—indictment—specific sexual act not alleged—language of statute**

A superceding indictment for sexual offense against a child was sufficient where it conformed to the language of N.C.G.S. § 14-27.4(a)(1) even though it did not specify the sexual act of which defendant was found guilty.

**9. Sexual Offenses— penetration—evidence sufficient**

There was sufficient evidence of penetration in a prosecution for first-degree sexual offenses against children and the trial court did not err by refusing to dismiss the charges.

**10. Sexual Offenses— first-degree—instruction on attempt not given—not supported by evidence**

The trial court did not err by not instructing the jury on attempted sexual offense in a prosecution for first-degree sexual offenses against children. No evidence presented at trial would support a jury finding of attempted sexual offense.

Appeal by Defendant from judgments dated 21 May 2004 by Judge W. David Lee in Superior Court, Cabarrus County. Heard in the Court of Appeals 10 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*M. Alexander Charns for Defendant-Appellant.*

McGEE, Judge.

Terry J. Burgess (Defendant) was convicted of six counts of first-degree sexual offense of a child under the age of thirteen years and sentenced to three consecutive sentences of a minimum of 288 months and a maximum of 355 months in prison. Defendant appeals.

Prior to trial, Defendant moved to suppress certain videotaped interviews between pediatric nurses and the victims as inadmissible hearsay. The trial court denied Defendant's motion, and found the videotaped interviews admissible as statements made to obtain

medical diagnosis or treatment pursuant to N.C. Gen. Stat. § 8C-1, Rule 803(4).

At trial, the State's evidence tended to show the following. S.V. and V.V., both minors, lived with their parents, A.V. and F.V., in Cabarrus County. In June 2002, A.V.'s sister, S.P., S.P.'s two minor children, Y.V. and A.P., and Defendant relocated to North Carolina from Tennessee. They moved in with A.V. and her family. Defendant is not the father of Y.V. and A.P., and the children referred to Defendant as "Bird" or "Uncle Bird." For a time while the two families were living together, Defendant ·was the only adult not employed outside the home. In mid-September 2002, Defendant, S.P., Y.V., and A.P. rented a nearby mobile home. S.P. continued to work outside the home and Defendant remained unemployed. Defendant watched Y.V. and A.P., and during September and October 2002, A.V. and F.V. paid Defendant to babysit V.V.

S.P. observed Y.V. placing her dolls in a suggestive position in April 2003 and made an appointment for Y.V. and A.P. at the Children's Advocacy Center at NorthEast Medical Center (the Children's Center). Defendant was later arrested and charged with eight counts of first-degree sexual offense. S.V. and V.V. were also seen at the Children's Center shortly thereafter.

At trial, the State offered the testimony of S.P. to explain the incident which led her to take Y.V. and A.P. to the Children's Center. Defendant objected to this testimony as inadmissible hearsay. After a *voir dire* hearing outside the presence of the jury, the trial court concluded the testimony was admissible as an excited utterance under N.C. Gen. Stat. § 8C-1, Rule 803(2). S.P. testified before the jury that while she was in the car with Y.V. one evening in late April 2003, S.P. saw Y.V. position the head of one of her dolls near the genitalia of another doll. S.P. told Y.V. not to do that because it was "nasty[.]" The following morning, S.P. asked Y.V. if "anybody was touching her privates[.]" Y.V. replied that "Bird" was in Y.V.'s room the night before and that he "had touched her private and rubbed it" and that "he scared her." When questioned by A.V. later in the day, Y.V. said "Bird" had "rubbed her privates" the night before while her mother was sleeping.

The State proffered the testimony of Y.V. After *voir dire*, the trial judge found Y.V., who was five years old at the time of trial, competent to testify. However, the trial court stated that it did not believe that Y.V. would be· able to assist the jury with any substantive issues.

The State called Y.V. to the stand in the presence of the jury to demonstrate her competency. While on the stand, Y.V. stated her age, counted to eleven, recited the alphabet, and demonstrated an ability to determine whether certain statements were the truth or lies. Defendant did not ask any questions of Y.V.

Cindy Fink (Nurse Fink), a nurse with the Children's Center, testified that she interviewed Y.V. before Y.V. was examined by the pediatrician. Nurse Fink testified that during this interview, Y.V. was informed that she was at the Children's Center for a check up with the doctor. Nurse Fink further testified that when she showed Y.V. a picture of a little girl, Y.V. indicated genitalia on the picture as her "privates" and told Nurse Fink that "Bird" had "rubbed it." Y.V. also said that "someone" had touched her on her "hiney." A videotape of Nurse Fink's interview with Y.V. was shown to the jury.

The State also proffered the testimony of S.V., who was eight years old at the time of trial. The trial court found S.V. to be a competent witness. S.V. identified Defendant as "Bird" while on the witness stand, and testified that "Bird" touched her on her "private . . . [i]n the bathroom" of her house. S.V. testified she did not remember seeing Defendant touch her brother, V.V., or her cousins, Y.V. and A.P. Defendant asked no questions of S.V.

Sheri Cook (Nurse Cook), a nurse with the Children's Center, testified that she interviewed S.V. before S.V. was examined by the pediatrician. In the interview, S.V. stated that she "wanted Uncle Bird to stop bad stuff like touching privates." A videotape of the interview was shown to the jury. During the recorded interview with Nurse Cook, S.V. said no one ever touched her "private parts," but then also said Defendant only touched Y.V.'s "privates." When asked how she knew that, S.V. replied that "[her] mind just told [her]."

The State attempted to admit into evidence a second videotaped interview, recorded six days after S.V.'s initial visit to the Children's Center, as a recorded recollection, or alternatively, pursuant to the residual hearsay exception. At this second interview, a police detective was present and spoke with S.V. The trial court denied the State's request to admit the second videotape.

Detective Carlos Roger Landers (Detective Landers), an investigator with the Concord Police Department, testified that he interviewed S.V. When Detective Landers asked S.V. if Defendant had touched her, S.V. nodded her head affirmatively, and pointed to her vaginal area.

STATE v. BURGESS

[181 N.C. App. 27 (2007)]

V.V., four years old at the time of trial, was also found to be a competent witness by the trial court. V.V. testified that "Bird" touched him on his "private" in the bathroom of V.V.'s house, and V.V. identified "Bird" as Defendant in the courtroom. T.275-76. Defendant asked no questions of V.V.

Julie Brafford (Nurse Brafford), a nurse with the Children's Center, interviewed V.V. before V.V. was examined by the pediatrician. During the interview, V.V. told Nurse Brafford that "Uncle Bird peed on [V.V.'s] back and butt and [that it] tickled." V.V. also said that "Uncle Bird" touched him on his "winkie" and his "butt" in the bathroom of their house. While demonstrating his knowledge of body parts, V.V. named his genitalia "winkie" and his buttocks "hiney or butt." A videotape of the interview was played for the jury.

Patricia Mahaney (Mahaney), a licensed clinical social worker with NorthEast Psychiatric and Psychological Institute, testified for the State as an expert in the counseling and behavior of sexually abused children. Mahaney observed S.V. at a number of counseling sessions from June 2003 through August 2003, and testified that in her opinion S.V. exhibited some characteristics of post-traumatic stress, "the technical name for trauma related to abuse" and S.V.'s behavior was consistent with a child who had been sexually abused. Mahaney testified that she also saw V.V. during this time and that he told her that "Uncle Bird" had touched his "privates, [his] winkie and [his] butt[,]" at more than one of their sessions. Mahaney also offered her opinion that V.V's behavior was consistent with a child who had been sexually abused.

Dr. Carol Soucie (Dr. Soucie), a pediatrician with Piedmont Pediatric Clinic, testified for the State as an expert in general pediatrics. Dr. Soucie examined Y.V., S.V., and V.V. after each child was interviewed by a nurse. Dr. Soucie also examined A.P. who was not interviewed by a nurse because he was not yet verbal. Dr. Soucie testified that her examination of Y.V. revealed no abnormal findings, except during Y.V.'s genital exam. Dr. Soucie found bruising around Y.V.'s vaginal opening, thickened areas of Y.V.'s hymen, and small scars at two different positions on Y.V.'s anus. Dr. Soucie testified that these physical findings were consistent with sexual abuse and that in her opinion there "was definite abuse." Dr. Soucie's examination of S.V. revealed that S.V.'s vaginal area had "an area that was very thinned out and irregular as well as areas that were thickened from which we see oftentimes with repeated penetration." Dr. Soucie also observed scars on S.V.'s perianal area that Dr. Soucie estimated were

approximately three to four months old. Dr. Soucie testified that the physical findings from her examination of S.V. were consistent with sexual abuse. As to V.V., Dr. Soucie observed a scar in V.V.'s anus and a "persistent kind of like a divot in the perianal area" which she attributed to repeated penetration. Dr. Soucie testified that these physical findings were "definitely" consistent with anal penetration and repeated sexual abuse.

Defendant testified that he moved with S.P. to the home of A.V. and F.V., and that he helped to take care of the children. He denied ever being alone with S.V. and V.V. After Defendant and S.P. moved to their own home, Defendant watched Y.V. and A.P. for a short period of time before he began working with a roofing company from 5:00 a.m. to 7:00 p.m. In January 2003, Defendant began a new position with hours from 8:00 a.m. to 3:00 p.m, which he held until he was arrested. Defendant denied ever being alone with S.V. and V.V. during the time he lived in their home. Defendant denied doing anything of an improper or sexual nature to any of the children.

At the close of all the evidence, Defendant moved to dismiss each of the charges for insufficient evidence. The trial court denied the motion as to the charges pertaining to Y.V., S.V., and V.V., but granted the motion as to the charges pertaining to A.P. At the charge conference, Defendant requested an instruction on the lesser included offense of attempted sexual offense against a child. The trial court concluded that there was no substantial evidence, either direct or circumstantial, from which a jury could infer attempted sexual offense and therefore refused to give the instruction.

Defendant first argues that his Sixth Amendment confrontation rights were violated when the trial court denied his motion to suppress the videotaped interviews between the nurses at the Children's Center and Y.V., S.V., and V.V. Defendant argues the statements of the children are testimonial in nature and barred by *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). Further, Defendant urges that the videotaped statements are inadmissible hearsay not properly admitted as statements made for the purpose of medical diagnosis or treatment pursuant to N.C. Gen. Stat. § 8C-1, Rule 803(4). We disagree.

In *Crawford*, the United States Supreme Court held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68, 158 L. Ed. 2d at 203. The Supreme

Court also noted, however, that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* at 59-60 n.9, 158 L. Ed. 2d at 197-98 n.9. Thus, to be barred by *Crawford*, the evidence offered must be testimonial, the declarant must be unavailable, and the defendant must have had no prior opportunity for cross-examination.

**[1]** The State first argues that Defendant failed to properly preserve this issue for our review because Defendant failed to object when the videotapes were offered into evidence. We disagree. At the time of Defendant's pre-trial motion, the General Assembly had passed N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2005), which states in part "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." In *State v. Tutt*, 171 N.C. App. 518, 524, 615 S.E.2d 688, 692-93 (2005), this Court held that the statute failed because "N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) is inconsistent with N.C.R. App. P. 10(b)(1)[.]" However, at the time Defendant moved to suppress the videotapes, Rule 103 was presumed constitutional, and in our discretion we elect to review Defendant's assignment of error. *See State v. Baublitz*, 172 N.C. App. 801, 806, 616 S.E.2d 615, 619 (2005) (reaching the defendant's assignment of error where Rule 103 was presumed to be constitutional at the time of trial); *Tutt*, 171 N.C. App. at 524, 615 S.E.2d at 693.

**[2]** Nonetheless, we find Defendant's *Crawford* argument unpersuasive. In the present case, S.V., V.V., and Y.V. each took the stand at trial and were therefore available for cross-examination. Defendant did not argue before the trial court, and does not argue before this Court, that the witnesses were "unavailable" for cross-examination. Accordingly, there was no violation of Defendant's right to confrontation under *Crawford*.

**[3]** Defendant also argues that the interviews were improperly admitted pursuant to N.C. Gen. Stat. § 8C-1, Rule 803(4). We disagree.

N.C. Gen. Stat. § 8C-1, Rule 803 (2005) states

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . .

(4) Statements for Purposes of Medical Diagnosis or Treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The test to determine whether statements are admissible under Rule 803(4) is a two-part test: "(1) whether the declarant's statements were made for purposes of medical diagnosis or treatment; and (2) whether the declarant's statements were reasonably pertinent to diagnosis or treatment." *State v. Hinnant*, 351 N.C. 277, 284, 523 S.E.2d 663, 667 (2000), *cert. denied, Hinnant v. North Carolina*, 544 U.S. 982, 161 L. Ed. 2d 737 (2005). Testimony meeting this test "is considered inherently reliable because of the declarant's motivation to tell the truth in order to receive proper treatment." *Id.* at 286, 523 S.E.2d at 669. Thus, "the proponent of Rule 803(4) testimony must affirmatively establish that the declarant had the requisite intent by demonstrating that the declarant made the statements understanding that they would lead to medical diagnosis or treatment." *Id.* at 287, 523 S.E.2d at 669.

In *State v. Lewis*, 172 N.C. App. 97, 103-04, 616 S.E.2d 1, 5 (2005), and *State v. Isenberg*, 148 N.C. App. 29, 38, 557 S.E.2d 568, 574 (2001), *disc. review denied*, 355 N.C. 288, 561 S.E.2d 268 (2002), this Court found that the *Hinnant* requirements were satisfied where the challenged statements were made to pediatric nurses at the Children's Center prior to examination by the doctor. We find the present case indistinguishable from *Lewis* and *Isenberg*, and affirm the trial court's admission of the videotaped interviews pursuant to Rule 803(4).

[4] Defendant next argues the trial court erroneously admitted, as an excited utterance under N.C. Gen. Stat. § 8C-1, Rule 803(2), the testimony of Y.V.'s mother that Defendant was in Y.V's room the previous night and had touched and scared Y.V. The trial court admitted the testimony as an excited utterance, finding Y.V.'s statements were made after a "sufficiently startling experience suspending reflective thought and were a spontaneous reaction to questions asked by [S.P.] at a time temporally related to her having yelled at [Y.V.] for having positioned the dolls as she had." T.48.

N.C. Gen. Stat. § 8C-1, Rule 803(2) (2005) excepts from the hearsay rule an excited utterance, which is "[a] statement relating to

a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In *State v. Smith*, 315 N.C. 76, 86, 337 S.E.2d 833, 841 (1985), the Supreme Court held that "[i]n order to fall within this hearsay exception, there must be (1) a sufficiently startling experience suspending reflective thought and (2) a spontaneous reaction, not one resulting from reflection or fabrication." In the context of statements made by children, "there is more flexibility concerning the length of time between the startling event and the making of the statements because the stress and spontaneity upon which the exception is based is often present for longer periods of time in young children than adults." *State v. Boczkowski*, 130 N.C. App. 702, 710, 504 S.E.2d 796, 801 (1998) (internal citation and quotation omitted).

In the present case, fewer than twenty-four hours had elapsed between the time S.P. yelled at Y.V., the sexual assault, and Y.V.'s statements to her mother. Therefore, the trial court properly admitted the statements as excited utterances. *See Smith*, 315 N.C. at 90, 337 S.E.2d at 843 (statements made by small children "between two and three days" after the startling event were properly admitted pursuant to Rule 803(2)); *State v. Thomas*, 119 N.C. 708, 713, 460 S.E.2d 349, 353, *disc. review denied*, 342 N.C. 196, 463 S.E.2d 248 (1995) ("In the circumstances of this case, we do not believe the passage of four or five days detracts from the 'spontaneity' of [the child's] response.").

**[5]** Defendant next argues that the trial court erred by permitting Mahaney to testify that S.V. suffered from post-traumatic stress, or "trauma related to abuse." Since Defendant did not object at trial, we analyze this under the plain error standard. N.C.R. App. P. 10(c)(4).

Defendant cites *State v. Bush*, 164 N.C. App. 254, 258, 595 S.E.2d 715, 718 (2004) for the proposition that

> [i]n a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such testimony is an impermissible opinion regarding the victim's credibility.

We find this language inapplicable to the present case because in the present case the State presented physical evidence supporting a diagnosis of sexual abuse with regard to each child. Further, "[i]t is well settled that an expert medical witness may render an opinion pur-

suant to Rule 702 that sexual abuse has in fact occurred if the State establishes a proper foundation, i.e., physical evidence consistent with sexual abuse." *State v. Goforth*, 170 N.C. App. 584, 589, 614 S.E.2d 313, 316, *cert. denied*, 359 N.C. 854, 619 S.E.2d 854 (2005) (internal citations and quotation omitted). Further, the trial court instructed the jury that expert opinion testimony that a person suffers from post-traumatic stress syndrome may be considered only if it is found to corroborate a victim's statements. The trial court further charged: "The testimony is admitted solely for the purpose of corroboration and not as substantive evidence. You may not convict . . . [D]efendant solely on this opinion testimony." This assignment of error is overruled.

**[6]** Defendant next argues that the jury instructions and verdict sheets violated his constitutional right to a unanimous verdict pursuant to N.C. Const. art. 1, § 24 ("No person shall be convicted of any crime but by the unanimous verdict of a jury in open court."). We disagree.

Specifically, Defendant argues the verdict sheets were deficient in that the date(s) of the acts alleged were not included, nor was the location of the acts. Therefore, Defendant argues, jurors may not have been unanimous about any particular sex act on a particular day, time, or location. Defendant relies on this Court's decision in *State v. Lawrence*, 165 N.C. App. 548, 599 S.E.2d 87 (2004) *(Lawrence I)*, *rev'd in part and remanded*, 360 N.C. 393, 627 S.E.2d 615 (2006). However, since Defendant filed his brief with this Court, the Supreme Court reversed *Lawrence I* for the reasons stated in *State v. Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006) *(Lawrence II)*. In *Lawrence II*, the Supreme Court found a defendant may be unanimously convicted pursuant to the indecent liberties statute even if "(1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents" because "while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred." *Lawrence II*, 360 N.C. at 374-75, 627 S.E.2d at 612-13. In *State v. Brigman*, 178 N.C. App. 78, 632 S.E.2d 498, *disc review denied*, 360 N.C. 650, 636 S.E.2d 813 (2006), this Court applied the same rationale to charges of sex offense and overruled the defendant's jury unanimity argument where " 'the jury was instructed on all issues, including unanimity; [and] separate verdict sheets were

submitted to the jury for each charge.' " *Id.* at 93-94, 632 S.E.2d at 508 (quoting *Lawrence II*, 360 N.C. at 376, 627 S.E.2d at 613)). We find these cases controlling and overrule Defendant's jury unanimity argument.

[7] Defendant next argues that it was plain error for the trial court to find Y.V., S.V., and V.V. competent to testify. Defendant made no objection to the testimony of any of the three children, and therefore, failed to preserve this error for our review. N.C.R. App. P. 10(b)(1). Accordingly, we review this argument for plain error only. N.C.R. App. P. 10(c)(4). To show plain error, Defendant must demonstrate that "the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, . . . or [that] the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings[.]" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citations and quotations omitted).

N.C. Gen. Stat. § 8C-1, Rule 601(a) (2005) provides that "[e]very person is competent to be a witness except as otherwise provided in these rules." If the trial court determines that the witness is "incapable of expressing himself concerning the matter[,]" or "incapable of understanding the duty of a witness to tell the truth," then the trial court may disqualify the witness. N.C.G.S. § 8C-1, Rule 601(b). This determination rests in the sound discretion of the trial court. *State v. Fearing*, 315 N.C. 167, 173, 337 S.E.2d 551, 554-55 (1985).

At trial, Y.V., S.V., and V.V., each took the stand outside the presence of the jury and were questioned by the State and the trial court. Each child demonstrated an ability to distinguish between the truth and a lie, stated that it was good to tell the truth, and bad to tell a lie, and understood that telling a lie led to some form of punishment. With each witness, the trial court made detailed findings of fact regarding the competency of each witness to testify. We conclude that it was not error to find the children competent to testify, and therefore, Defendant's plain error argument is without merit.

[8] Defendant next argues that the guilty verdict for sexual offense for penetration of the anal opening of S.V. was plain error because it was not charged in the indictment or described in the bill of particulars. Brief 30. Defendant fails to note that the State filed superceding indictments, which conformed to the language of N.C. Gen. Stat. § 14-27.4(a)(1). Our Supreme Court has held that an indictment which conforms to the requirements of N.C. Gen. Stat.

§ 15-144.2(b) need not specify which sexual act was committed to be sufficient to charge first-degree sexual offense. *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982). This assignment of error is overruled.

[9] Defendant next argues that the trial court erred when it denied Defendant's motion to dismiss each charge for insufficient evidence. Specifically, Defendant argues that there was insufficient evidence to support the element of penetration. "Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991) (internal citation and quotation omitted). "The evidence must be viewed in the light most favorable to the State, and the State must receive every reasonable inference to be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citations omitted).

Defendant was charged with first-degree sexual offense pursuant to N.C. Gen. Stat. § 14-27.4(a)(1). To be convicted of this offense, the State must prove that (1) a defendant engaged in a sexual act, (2) the victim was under the age of thirteen years, and (3) at the time of the act the defendant was at least twelve years old and was at least four years older than the victim. N.C. Gen. Stat. § 14-27.4(a)(1) (2005). " 'Sexual act' means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body[.]" N.C. Gen. Stat. § 14-27.1(4) (2005).

The jury convicted Defendant of one count of first-degree sexual offense for penetration of the vaginal opening and one count of first-degree sexual offense for penetration of the anal opening as to Y.V. and S.V., and two counts of first-degree sexual offense of V.V. for penetration of the anal opening. Because we find all of the charges supported with sufficient evidence, we conclude that the trial court properly denied Defendant's motion to dismiss each of the charges.

The State's evidence with regard to the charges against Y.V. included the videotaped interview with Nurse Fink in which Y.V. states that "Bird" touched Y.V. on her "private" with his fingers while her mother was at work. She also stated that someone touched her on her "hiney" although she did not specifically state it was Defendant. Further, S.P. testified that Y.V. told her that Defendant had touched her "private[,]" rubbed it, and scared her. Dr. Soucie's examination revealed vaginal bruising and anal scars. Likewise, the charges of first-degree sexual offense of V.V. were supported by V.V.'s videotaped interview with Nurse Brafford, and his in-court testimony. V.V. told Nurse Brafford that "Uncle Bird" touched his "winkie" and his "butt." V.V. also told her that "Bird" "peed on his butt." Dr. Soucie observed that V.V. had a persistent anal scar which could have resulted from repeated penetration.

The State supported its allegations of sexual offense of S.V. with her videotaped interview with Nurse Cook, and S.V.'s in-court testimony. S.V. testified that "Bird" touched her "privates" in the bathroom of her house. Further, Dr. Soucie's medical examination revealed that S.V. had scars on her perianal area. We find the statements of Y.V., S.V., and V.V., and the State's medical testimony sufficient to withstand Defendant's motion to dismiss as to each of the charges.

[10] Finally, Defendant argues that the trial court erred by failing to instruct the jury on attempted sexual offense because the evidence supported such an instruction. We disagree.

"A trial court is only required to instruct the jury on a lesser included offense when there is evidence presented from which the jury could find that such offense was committed." *State v. Stinson*, 127 N.C. App. 252, 258, 489 S.E.2d 182, 186 (1997). No evidence presented at trial would support a jury finding of attempted sexual offense. The State's evidence tended to show completed acts of penetration, which the State's medical evidence supported. Further, in his own testimony, Defendant denied any sexual contact with the children. We can see no evidence to support a finding of attempted sexual offense, and therefore, hold that the trial court did not err in refusing to instruct on attempted sexual offense.

Defendant has failed to cite authority to support his remaining assignments of error in violation of N.C.R. App. P. 28(b)(6) and we therefore decline to address them.

No error.

Chief Judge MARTIN and Judge WYNN concur.